IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


MICHAEL S. DAVIS                                    Plaintiff

v.                          4:06CV01723 WRW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                          Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Michael S. Davis, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits.  Both parties have submitted

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

2

Plaintiff alleged disability due to degenerative joint disease, a disorder of the back and osteoarthritis. (Tr. 15) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through November 8, 2005, the date of his decision. (Tr. 19-20) On November 14, 2006, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6) Plaintiff then filed his complaint initiating this appeal. (Docket 2#)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner contains legal error and that the case should be remanded.

Plaintiff was 50 years old at the time of the hearing. (Tr. 376) He is a high school graduate with additional military schooling and Federal Aviation Administration training. Id. He has past relevant work as an air traffic controller for the United States Air Force and the FAA, service station cashier, pizza restaurant manager, retail sales person and factory janitor. (Tr. 15, 402-03)

The ALJ considered Plaintiff's impairments by way of the

3

required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  <u>Id.</u> at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  <u>Id.</u> at § 404.1520(a)(4)(ii).  If not, benefits are denied.  <u>Id.</u> A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  <u>Id.</u> at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  <u>Id.</u>, § 404.1520(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  <u>Id.</u>

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  <u>Id.</u>, § 404.1520(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  <u>Id.</u>

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  <u>Id.</u>, § 404.1520(a)(4)(iv).  If so, benefits are denied.  <u>Id.</u>

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  <u>Id.</u>, § 404.1520(a)(4)(v).  If so, benefits are

denied; if not, benefits are awarded.   Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 19)  He found that Plaintiff had "severe" impairments, back, shoulder and neck pain, hand numbness, arthritis, a history of headaches and resolving depression, but that he did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations were not borne out by the overall record. Id.

The ALJ found that Plaintiff retained the residual functional capacity for light work.  Id.  He found that Plaintiff was capable of performing his past relevant work as a sales clerk.  Id. Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff raises several grounds in support of his request for remand.   Only one need be discussed, because it has merit and necessitates remand.  Plaintiff argues that the ALJ erred in failing to mention his 100% disability rating from the Veterans Administration.  (Br. 13)  Plaintiff's point is well taken.

> [I]n his decision, the ALJ should have addressed the determination by the VA that Morrison is permanently and totally disabled. It is true that "the ALJ does not have to discuss every piece of evidence presented...." Miller v. Shalala, 8 F.3d 611, 613 (8th Cir.1993). It is also true that a disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir.1996). We think, however, that the VA finding was important enough to deserve explicit attention. We agree with other courts that findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered

in the ALJ's decision. <u>See</u> <u>Wilkins v. Callahan</u>, 127 F.3d
1260, 1262 (10th Cir.1997); <u>Baca v. Department of Health
and Human Services</u>, 5 F.3d 476, 480 (10th Cir.1993); <u>Fowler
v. Califano</u>, 596 F.2d 600, 603 (3d Cir.1979).

. . . . If the ALJ was going to reject the VA's finding,
reasons should have been given, to enable a reasoned review
by the courts. We are fortified in this conclusion by the
fact that the Social Security Administration has given this
very instruction to its adjudicators. A 1992 memorandum
from the Social Security Administration's Chief
Administrative Law Judge to the Office of Hearings and
Appeals field personnel reminded "all ALJs and decision
writers that even though another agency's determination
that a claimant is disabled is not binding on SSA ..., the
ALJ must evaluate it as any other piece of evidence, <u>and
address it in the decision</u>." Memorandum, Social Security
Administration Office of Hearings and Appeals (Oct. 2,
1992), at 3 (emphasis added).

146 F.3d 625, 628 (8th Cir. 1998)(Arnold, R., J.)

The ALJ committed legal error in failing to discuss the Veterans
Administration's disability rating and in failing to give his reasons
for rejecting that determination.  The case should be remanded to
rectify that omission.

IT IS THEREFORE RECOMMENDED that the final determination of the
Commissioner be reversed and remanded for action consistent with this
opinion.  This remand would be a "sentence four" remand within the
meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89

(1991).

DATED this ____7____ day of February, 2008.


_____
UNITED STATES MAGISTRATE JUDGE